```
                               UNITED STATES DISTRICT COURT
                               SOUTHERN DISTRICT OF FLORIDA

                               CASE NO. 12-23216-CIV-SEITZ
                               MAGISTRATE JUDGE P. A. WHITE

WILLIAM E. COLEMAN, JR.,       :

      Plaintiff,               :

v.                             :         REPORT OF
                                      MAGISTRATE JUDGE
MIAMI DADE COUNTY, et al.,     :

      Defendants.              :
_____
```

### I. Introduction

On September 4, 2012, William E Coleman, Jr. filed a <u>pro-se</u> civil rights complaint pursuant to 42 U.S.C. §1983 while confined in the Century correctional Institution [DE# 1]. The plaintiff is proceeding <u>in forma pauperis</u>.

This civil action is before the Court for an initial screening pursuant to 28 U.S.C. §1915.

### II. Analysis

A.  <u>Applicable Law for Screening</u>

As amended, 28 U.S.C. §1915 reads in pertinent part as follows:

> Sec. 1915 Proceedings in Forma Pauperis
>
> \* \* \*
>
> (e)(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid,

>    the court shall dismiss the case at any time
>    if the court determines that –
>
>                    *   *   *
>
>    (B) the action or appeal –
>
>                    *   *   *
>
>    (i)  is frivolous or malicious;
>
>    (ii) fails to state a claim on which
>    relief may be granted; or
>
>    (iii) seeks monetary relief from a
>    defendant who is immune from such
>    relief.

This is a civil rights action Pursuant to 42 U.S.C. §1983. Such actions require the deprivation of a federally protected right by a person acting under color of state law. See 42 U.S.C. 1983; Polk County v Dodson, 454 U.S.312 (1981); Whitehorn v Harrelson, 758 F. 2d 1416, 1419 (11 Cir. 1985. The standard for determining whether a complaint states a claim upon which relief may be granted is the same whether under 28 U.S.C. §1915(e)(2)(B) or Fed.R.Civ.P. 12(b)(6) or (c).  See Mitchell v. Farcass, 112 F.3d 1483, 1490 (11 Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)"). A complaint is "frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Bilal v. Driver, 251 F.3d 1346, 1349 (11 Cir.), cert. denied, 534 U.S. 1044 (2001).  Dismissals on this ground should

only be ordered when the legal theories are "indisputably meritless," id., 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 31 (1992). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). Mitchell v. Farcass, 112 F.3d 1483, 1490 (11 Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)"). In order to state a claim, a plaintiff must show that conduct under color of state law, complained of in the civil rights suit, violated the plaintiff's rights, privileges, or immunities under the Constitution or laws of the United States. Arrington v. Cobb County, 139 F.3d 865, 872 (11 Cir. 1998).

To determine whether a complaint fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Twombly applies to §1983 prisoner actions. See Douglas v. Yates, 535 F.3d 1316, 1321 (11 Cir. 2008). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Second, the Court must determine whether the complaint states a plausible claim for relief. Id. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered

3

conclusion is the most plausible or whether it is more likely that no misconduct occurred.[1]

B. <u>Factual Allegations</u>

The plaintiff names Public Defender Robert Kalter, in his individual and official capacity and Miami Dade County as defendants. He contends that Kalter ineffectively prepared his appellate brief. Plaintiff attempted to prepare the brief with Kalter and disagreed with him over cases that should or should not be included in the brief. Following these disagreements Kalter filed the brief. The plaintiff says he did not receive a copy of the Order affirming his conviction per curium. The plaintiff claims that Kalter failed in his responsibility as his attorney. He seeks injunctive and monetary damages.

C. <u>Sufficiency of the complaint</u>
   <u>Procedural bar of Heck v. Humphrey</u>, 512 U.S. 477 (1994).

Research at the Department of corrections website indicates that the plaintiff is serving a life sentence entered in Miami Dade County in case no. 99-06894 for robbery and kidnaping. The plaintiff's allegations are essentially a collateral attack upon his conviction. These claims are foreclosed by the landmark Supreme Court decision in the case of <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994), and its progeny.

In <u>Heck</u>, the Supreme Court held that if a judgment in favor of a state prisoner seeking damages in a §1983 suit would necessarily imply the invalidity of a conviction or sentence, the claim for

---

[1] The application of the <u>Twombly</u> standard was clarified in <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937 (2009).

damages is not cognizable under §1983 and the complaint must be dismissed, because the claim for damages will not exist unless and until the prisoner can demonstrate that the conviction or sentence has previously been reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus. Unless and until the plaintiff's conviction has been reversed or expunged, these claims are barred.

The plaintiff's avenue of relief is to file a habeas corpus petition pursuant to 28 U.S.C. 2254, after exhaustion of state remedies to collaterally attack his conviction and sentence.

Further, Defendant Kalter of the Public Defender's Office is an improper defendant. To state a claim under §1983, the plaintiff must demonstrate that a person or persons acting under color of state law has violated a federally protected right. <u>Polk v Dodson</u>, <u>supra</u>. Public Defenders are immune from §1983 suits for monetary claims, as they generally do not act under color of state law. <u>Polk</u>, <u>supra</u>. The Office of the Public Defender is not a person under color of state law. <u>Newell v Montgomery County Public Defender's Office</u>, 2009 WL 1392839 (M.D. Tenn 2009).

Lastly, as the facts are stated above, it does not appear that Kalter violated a federally protected right. He filed a brief on appeal that he researched and felt was sufficient. If the plaintiff felt his appellate attorney was ineffective, this claim must be raised in a habeas corpus petition.

The plaintiff names Miami Dade County as employers of Attorney Kalter. To allege a §1983 action against a county a plaintiff must assert that a constitutional deprivation resulted from a custom, policy, or practice of the county. <u>Wideman v. Shallowford Community</u>

Hospital, Inc. supra, 826 F.2d at 1032, and cases cited therein. Such liability, however, may not be predicated on the theory of respondeat superior. Only if the alleged constitutional violations resulted from a county custom, policy or practice of a county, may its administrators or supervisors be held liable. Monell v. Department of Social Services, supra, 436 U.S. at 694; Free v. Granger, 887 F.2d 1552 (11 Cir. 1989); Wideman v. Shallowford Community Hospital, Inc., supra, 826 F.2d at 1032. Boilerplate allegations of policy or custom, without supporting facts, are insufficient to sustain a §1983 claim. See Hossman v. Blunk, 784 F.2d 793 (7 Cir. 1986); Gutierrez v. City of Hialeah, 723 F.Supp. 1494 (S.D. Fla. 1989), as are mere allegations of failure to train. As has been stated above, Counsel filed a timely brief. The fact that the plaintiff disagreed with some of the cases, or that the appeal was unsuccessful, does not demonstrate poor performance, and the county cannot be held liable for failure to train.

### III.   Conclusion

Based on the foregoing, it is recommended that the Complaint, including all named defendants, be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

It is so recommended at Miami, Florida, this 9th day of January, 2013.

                                                                                         UNITED STATES MAGISTRATE JUDGE

cc: William E. Coleman, Jr. <u>pro-se</u>
    Century Correctional Institution
     Address of record