UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 12-23216-CIV-SEITZ/WHITE

WILLIAM E. COLEMAN,

    Plaintiff,

v.

MIAMI-DADE COUNTY, et al.,

    Defendants,
_____/

## ORDER ADOPTING REPORT AND CLOSING CASE

THIS CAUSE is before the Court on the Report of Magistrate Judge [DE-12]. In that Report, Magistrate Judge White recommends that Plaintiff's civil rights complaint, filed pursuant to 42 U.S.C. § 1983, be dismissed for failure to state a claim. Plaintiff's complaint alleges that Defendant Kalter ineffectively prepared the appellate brief in Plaintiff's appeal from his criminal conviction and that Plaintiff never received a copy of the order affirming his conviction. Plaintiff names Miami-Dade County as a defendant, based on its failure to properly train and supervise its employees. The Report recommends dismissal based on *Heck v. Humphrey*, 512 U.S. 477 (1994) (holding that a § 1983 claim by a prisoner must be dismissed if a judgment in his favor would necessarily imply the invalidity of his conviction or sentence, unless the conviction or sentence has already been invalidated). The Report also recommended dismissal because Defendant Kalter is an improper defendant, the facts do not indicate that Kalter violated a federally protected right, and Plaintiff failed to allege facts indicating that Miami-Dade County had a policy or custom that led to Plaintiff's alleged deprivation of rights. Plaintiff has filed objections to the Report.[DE-13]

Plaintiff's first objection argues that the Magistrate Judge misconstrued the complaint because the real thrust of the complaint is that Kalter failed to notify Plaintiff that his direct appeal had been decided, not that Kalter refused to cite to certain cases in the appellate brief. Assuming this is true, as set out in the Report and below, Plaintiff's complaint must still be dismissed because Plaintiff has not alleged a § 1983 cause of action upon which relief can be granted against Miami-Dade County or against Kalter.

Plaintiff next objects to the Report's conclusion that Kalter is an improper defendant. Plaintiff argues that Kalter was acting under state law when performing his duties. However, the Supreme Court has stated that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk County v. Dodson*, 454 U.S. 312, 325 (1981) (emphasis added). Plaintiff's complaint alleges that Kalter failed to notify him of the status of Plaintiff's appeal. This is clearly one of the traditional functions of a lawyer. Thus, based on Plaintiff's allegations, Kalter is not a proper defendant in this § 1983 action.

Plaintiff's final objection argues that Kalter breached the Miami-Dade County, Office of Public Defender's policies by failing to notify Plaintiff of the status of his appeal. Plaintiff asserts that Miami-Dade County is responsible for failing to ensure that Plaintiff was treated in accordance with its policies and as all other prisoners are treated. Plaintiff's own arguments defeat his claim. In order to state a § 1983 claim against a city or county, a plaintiff must show that the constitutional violation resulted from a custom, policy or practice of the municipality. *Wideman v. Shallowford Community Hospital, Inc.*, 826 F.2d 1030, 1032 (11th Cir. 1987) (citing *Monell v. Dept. of Social Servs.*, 436 U.S. 658, (1978)). Plaintiff states in his objections that

Miami-Dade County had a policy or practice of *notifying* prisoners of the status of their direct appeals. Thus, Plaintiff has not set out a custom, policy or practice of Miami-Dade County that violated his constitutional rights.

Having carefully reviewed, *de novo*, Magistrate Judge White's Report, the record, and Plaintiff's objections, it is

ORDERED that:

(1) The above-mentioned Report of Magistrate Judge [DE-12] is AFFIRMED and ADOPTED, and incorporated by reference into this Court's Order;

(2) Plaintiff's Complaint [DE-1] is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

(3) All pending motions not otherwise ruled upon in this Order are DENIED AS MOOT; and

(4) This case is CLOSED.

DONE and ORDERED in Miami, Florida, this 26th day of September, 2013.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc: Magistrate Judge White
All Counsel of Record

3